The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for certain minor technical modifications. Therefore, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner.
* * * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties at the hearing as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between the plaintiff and the defendant-employer.
3. The Travelers Insurance Company was the compensation carrier on the risk.
4. Plaintiff's average weekly wage was $637.45, which yields a compensation rate of $424.99 per week.
5. Plaintiff suffered an injury by accident on November 18, 1992, resulting in a fractured coccyx and a fractured right shoulder.
6. The defendant-employer admitted liability and certain benefits were paid to plaintiff. The issues to be determined by the Commission are: (1) is there a causal connection between plaintiff's current neck problem and the original injury by accident, and (2) is the defendant-employer entitled to a credit for group insurance benefits paid at the rate of $223.00 per week from April 1, 1993 through September 30, 1993.
* * * * * * * * * * * * *
The Full Commission adopts in part and modifies in part the findings of fact by the deputy commissioner and finds as follows:
FINDINGS OF FACT
1. On November 18, 1992, plaintiff suffered injuries due to a fall at work.
2. Plaintiff saw Dr. H. Yates Dunaway, III on November 19, 1992. Plaintiff's complaint was tailbone pain. On November 25, 1992, when she saw Dr. Dunaway again, she actually complained of some right shoulder pain. Dr. Dunaway diagnosed traumatic bursitis and thought it was likely related to the fall.
3. On December 4, 1992, plaintiff saw Dr. Dunaway again and reported her shoulder was getting worse.
4. Plaintiff saw Dr. Rogers on May 25, 1993. She reported the November 18, 1992 fall to Dr. Rogers. Plaintiff also indicated that she had been suffering from shoulder and right arm pain since that time.
5. Dr. Rogers performed conservative treatment and referred plaintiff to Dr. Dan Gooding for pain management. Dr. Gooding then told Dr. Rogers that he thought something was "really going on with this lady".
6. On July 16, 1993, Dr. Rogers performed surgery and took a disc out between the fifth (5th) and sixth (6th) cervical vertebrae and did a fusion. He also trimmed back some bone spurs. After the surgery, plaintiff's pain went away and she subsequently was released to return to work on October 4, 1993.
7. Dr. Rogers rated plaintiff with a seven percent (7%) permanent partial impairment to the spine.
8. Dr. Rogers is of the opinion that plaintiff sustained a herniated disc at the time of the fall which led to her shoulder and arm pain.
9. Defendant accepted liability for plaintiff's fractured coccyx and lumbar injuries, but denied that plaintiff's problems with her neck were related to her work-related fall on November 18, 1992.
10. Although Dr. Dunaway has a different opinion regarding plaintiff's neck problem, the undersigned give greater weight to the testimony of Dr. Rogers based in part on the evidence that after the neck surgery, plaintiff's pain went away. Plaintiff injured her neck when she fell on November 18, 1992.
11. As a result of plaintiff's injury by accident, she was temporarily totally disabled due to the herniated disc in her neck and shoulder and arm pain from March 22, 1993 to October 4, 1993. This second period of disability is also compensable.
12. Defendants paid plaintiff $223.00 per week from the group insurance policy from April 1, 1993 through September 30, 1993.
* * * * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Since plaintiff's neck injury resulted from the November 18, 1992 fall, she is entitled to compensation under the Workers' Compensation Act for this injury. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff was temporarily totally disabled from March 22, 1993 through October 4, 1993 as a result of her neck injury and is entitled to compensation at the rate of $424.99 per week during said period. N.C. Gen. Stat. § 97-29.
3. As a result of plaintiff's injury by accident she suffered a seven percent (7%) permanent partial impairment to the spine and is entitled to benefits at the rate of $424.99 per week for twenty-one (21) weeks. N.C. Gen. Stat. § 97-31.
4. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident. N.C. Gen. Stat. § 97-25.
5. Defendant-employer is entitled to a credit for the amount paid pursuant to its group insurance policy.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay temporary total disability benefits to the plaintiff at the rate of $424.99 per week from March 22, 1993 through October 4, 1993. This compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendants shall pay compensation to plaintiff at the rate of $424.99 per week for twenty-one (21) weeks for the seven percent (7%) permanent partial impairment she suffered to the spine. This compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
3. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
4. Defendants are entitled to a credit for the amount paid plaintiff pursuant to its group insurance policy.
5. After deducting the credit for defendant-employer, counsel for plaintiff is entitled to twenty-five percent (25%) of the remaining compensation due plaintiff. This amount shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
6. Defendants shall pay the costs due the Commission.
 S/ ______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER
BSB:be